**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DEBBIE VAUGHAN**                                                     **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 1:05CV187**

**CLASSIC RESTORATION, INC.**                              **DEFENDANT**

_____

**ORDER**
_____

The court presently has before it a motion for summary judgment filed by defendant, pursuant to Fed. R. Civ. P. 56. In its motion, which was filed on July 28, 2006, defendant seeks summary judgment on the basis that, at the time of the motion, plaintiff had completely failed to respond to discovery, including interrogatory requests, prior to the expiration of the discovery deadline. On August 3, 2006, plaintiff filed a motion seeking a thirty-day extension of time to respond to the motion for summary judgment, asserting as grounds therefore the fact that her new counsel in this case was only hired on August 1, 2006 and that said counsel had a busy litigation schedule. This court has not ruled on this motion, but it is noteworthy that, even if the court had granted the additional thirty day extension, the docket reveals that no response to the motion has been filed as of this date, which is well over two months after the deadline for responding to the motion.

It is thus apparent that plaintiff has been quite dilatory in litigating this case. However, the court is cognizant of the fact that its ability to grant summary judgment on the basis of such dilatory conduct is rather limited. *See Johnson v. Pettiford,* 442 F.3d 917 (5th Cir. 2006). The court would also note that defendant appears to concede that it may be liable to plaintiff for a small amount of

damages in this case, thus raising doubt as to whether a simple dismissal of this action is in order. In light of the foregoing, the court concludes that a granting of defendant's motion for summary judgment would be inappropriate, but plaintiff's litigation of this case does give this court considerable pause regarding the merits of plaintiff's claims and her intent to litigate this case in accordance with the rules of civil procedure. Defendant notes that it has made rather small settlement offers to date, and it appears that the parties would be well advised to come to an amicable resolution of this case.

The court would also note that the docket reveals that, on November 3, 2006, plaintiff finally submitted certain discovery responses in this case. It thus appears that the grounds for defendant's motion for summary judgment have been mooted, and, to reiterate, Fifth Circuit authority limits this court's ability to grant summary judgment under the circumstances present in this case. The court therefore concludes that defendant's motion for summary judgment should be dismissed as moot.

It is therefore ordered that defendant's motion for summary judgment [15-1] is dismissed as moot, and plaintiff's motion for extension of time [17-1] is likewise dismissed as moot.

So ordered, this the 8th day of November, 2006.

                                                    /s/ Michael P. Mills
                                                  **UNITED STATES DISTRICT JUDGE**